# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

TONYA L. SANDERS                                                                PLAINTIFF

V.                                       No. 3:20-CV-268-BRW-JTR

KILOLO KIJAKAZI, Commissioner
Social Security Administration[1]                                               DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Wilson may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff, Tonya L. Sanders ("Sanders"), applied for disability benefits on June 13, 2018, alleging disability beginning May 10, 2017. (Tr. at 10). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application on March

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

18, 2020. (Tr. at 22). The Appeals Council denied Sanders's request for review (Tr. at 1), making the ALJ's denial of Sanders's application for benefits the final decision of the Commissioner.

Sanders filed this case seeking judicial review of the decision denying her benefits. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II. The Commissioner's Decision

The ALJ found that Sanders had not engaged in substantial gainful activity since May 13, 2017.[2] (Tr. at 12). At Step Two of the five-step analysis, the ALJ found that Sanders had the following severe impairments: degenerative disc disease, obesity, anxiety, depression, and posttraumatic stress disorder. (Tr. at 13).

After finding that Sanders's impairments did not meet or equal a listed impairment (*id*.), the ALJ determined that Sanders had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, except that: (1) she could occasionally climb ramps and stairs; (2) she could occasionally balance, stoop, kneel, crouch, and crawl; (3) she could occasionally reach overhead; (4) she could occasionally be exposed to extreme cold and vibration; (5) she could never climb ladders, ropes, or scaffolds; (6) she could never be exposed to unprotected

---

[2] Although Sanders alleged disability beginning May 10, 2017, she filed prior applications for benefits which were denied in an ALJ decision of May 12, 2017. (Tr. at 10). Because there was no basis to reopen the prior applications or revisit the prior decision, the ALJ only considered the unadjudicated period from May 13, 2017 until the date of decision. *Id*.

heights or dangerous moving machinery; (7) she could understand and remember simple instructions; (8) she could sustain attention and concentration to complete simple tasks with regular breaks every two hours; (9) she could interact as needed with supervisors and occasionally interact with the public; and (10) she could adapt to routine work conditions and occasional work place changes. (Tr. at 16).

Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that Sanders was unable to perform any of her past relevant work as a truck driver helper, dry cleaner helper, waitress, or car hop (Tr. at 20), but that Sanders's RFC would allow her to perform other jobs in the national economy such as document preparer, surveillance system monitor, and table worker. (Tr. at 21). Thus, the ALJ concluded that Sanders was not disabled. (Tr. at 22).

### III.  Discussion

**A.  Standard of Review**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's

decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

### B. Sanders's Arguments on Appeal

Sanders contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ failed to sufficiently address an apparent conflict between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT") regarding the document preparer and table worker positions. She also argues that the requirements of the surveillance system monitor position are in

excess of her RFC to perform sedentary, unskilled work. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Sanders first asserts the ALJ failed to address an apparent conflict between the DOT and the VE's testimony. She says that two of the jobs identified by the VE—document preparer and table worker—require frequent overhead reaching, which exceeds the occasional overhead reaching limitation in her RFC. *See* DOT #249.587-018, 1991 WL 672349 (document preparer); DOT #739.687-182, 1991 WL 680217 (table worker). Due to this error, Sanders argues, the Commissioner cannot carry the burden at Step Five to prove that jobs exist in significant numbers in the regional or national economy that she can perform. *See Hulsey v. Astrue*, 622 F.3d 917, 920 (8th Cir. 2010).

The Court agrees with Sanders that an apparent conflict exists between jobs requiring frequent reaching and an RFC limiting her to only occasional overhead reaching. *See Rollins v. Kijazaki*, No. 3:20-cv-239, 2021 WL 3891060, at *3 (E.D. Ark. Aug. 31, 2021). When such a conflict exists, "[a] VE must offer an explanation for any inconsistencies between her testimony and the DOT, which the ALJ may accept as reasonable after evaluation." *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014). "Absent adequate rebuttal, however, VE testimony that conflicts with the DOT 'does not constitute substantial evidence upon which the Commissioner may rely to meet the burden of proving the existence of other jobs in the economy a

claimant can perform.'" *Id*. (quoting *Kemp v. Colvin*, 743 F.3d 630, 632 (8th Cir. 2014)).

In his order denying benefits, the ALJ acknowledged the conflict between the VE's testimony and the DOT, but found a "reasonable explanation" for the discrepancy: "For matters not addressed in the [DOT], such as overhead reaching, [the VE] relied upon his professional training and experience . . . for his testimony that these and similar jobs do not involve more than occasional reaching overhead." (Tr. at 21). However, a review of the hearing transcript shows only the following exchange regarding apparent conflicts:

> ALJ: Thank you. Mr. Turner, has your testimony been consistent with the Dictionary of Occupational Titles and its companion publications?
> VE: It, it has. A couple of items off-task and the public, those are not in the DOT. But I submit my knowledge and understanding as far as my testimony.

(Tr. at 63). Because the ALJ and VE failed to acknowledge the reaching conflict during the hearing, the Court cannot find that the VE's explanation was adequate. *See Kemp*, 743 F.3d at 633 (remanding denial of benefits because "the record does not reflect whether the VE or the ALJ even recognized the possible conflict between the hypothetical" and the recommended job).

Nevertheless, in this case, the ALJ was entitled to rely on the VE's testimony, because the VE identified a third job that Sanders could perform—surveillance system monitor—which is consistent with Sanders's RFC. *See* DOT #379.367-010,

1991 WL 673244; *Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014) ("An ALJ may rely on a vocational expert's testimony as long as some of the identified jobs satisfy the claimant's residual functional capacity."). Although Sanders argues that the DOT description for the surveillance system monitor position is outdated, she does not dispute that the position, as it is described in the DOT, satisfies her RFC. Thus, any failure to address the reaching conflict amounts to harmless error. *See Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008).

The Court also rejects Sanders's argument that the surveillance system monitor position exceeds the bounds of her RFC. The position is described in the DOT as being unskilled and sedentary. Based on Sanders's RFC, and in response to the ALJ's properly presented hypothetical, the VE testified that she could perform the duties of the job. The ALJ was entitled to rely on that testimony. *See Higgins v. Comm., Soc. Sec. Admin.*, 898 F.3d 793, 796 (8th Cir. 2018). The VE's testimony constitutes substantial evidence supporting the ALJ's conclusion that there are a significant number of jobs in the national economy which Sanders can perform.

## IV. Conclusion

For the reasons stated above, the Court finds that substantial evidence supports the ALJ's decision that Sanders was not disabled. If any legal error occurred, it was harmless. This case should be dismissed, with prejudice.

IT IS SO ORDERED this 1st day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE